UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MARTY TAILLON | * | CIVIL ACTION NO. |
| --- | --- | --- |
| VERSUS | * | SECTION |
| HILCORP ENERGY COMPANY | * | JUDGE |
| | * | MAGISTRATE JUDGE |
| * * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES: AGE DISCRIMINATION IN EMPLOYMENT**

Plaintiff Marty Taillon (Taillon), for his complaint against the Hilcorp Energy Company (Hillcorp), respectfully shows the Court and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for reinstatement, damages and injunctive relief to redress the deprivation of rights secured to plaintiffs by Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, and 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

## II. JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is based upon Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and 28, U.S.C. § 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967. The jurisdiction of this Court over this controversy is also invoked pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. The unlawful employment

practices described herein were committed within the Eastern District of Louisiana. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

3. Hilcorp Energy Company (Hilcorp) is a foreign corporation owned entirely by Jeff Hildebrand. It is authorized to do and is doing business in the state of Louisiana. Its principle place of business in Louisiana is located at 99 Van Ness Drive, Westwego 70094, within the Eastern District of Louisiana. It is in the energy business and employs well in excess of one thousand people.

4. Marty Taillon (Taillon) is a person of the full age of majority, born November 22, 1957 who is a resident of St. Tammany Parish, within the Eastern District of Louisiana.

### IV. FACTS

5. Marty Taillon was employed by Hilcorp Energy Company from April 30, 2007 to October 2, 2013 when he was illegally terminated by Hilcorp on account of age. Before then, he had been employed as a mechanic in the Gulf of Mexico oil patch for over twenty-five years without incident. He was employed by Hilcorp in the capacity of Mechanic 3, the most senior mechanic position. He was responsible for maintaining twenty-eight separate machines such as pumps, generators and compressors. In his last full year of employment with Hilcorp, Taillon earned in excess of $130,000. He worked well and to the satisfaction of his employer until the assignment of a new field foreman, Herbert ("Bull") Derice, on approximately November 2012.

6. On or about December 2012 Derice arrived at Taillon's worksite platform at Lake Washington, Louisiana. He immediately replaced two incumbent operators with operators much younger than Taillon, each of whom was in his early 30s. One of the new operators, Brent Tompkins (Tompkins) was approximately 30 years old. Tompkins habitually talked to Taillon in

an insolent, degrading and insulting manner which belittled him on account of his being old enough to be his father. Taillon had occasion of overhearing Tompkins talk to his father during cellular telephone conversations and he found that Tompkins frequently spoke to his father in disrespectful and insulting language. Taillon, on two occasions, had to refuse to talk to Tompkins because of insolence and disrespect. The attitude displayed by Tompkins toward Taillon materially interfered with Taillon's ability to perform his job. It was open and notorious. Hilcorp knew or should have known about the age-related abuse being inflicted by Tompkins upon Taillon.

7.     On or about May 2013 Taillon called Mr. George Moss, a senior supervisor who had been involved in Taillon's hire. He complained about the age-related harassment he was receiving at the hands of Tompkins. On information and belief Hilcorp supervisor Tommy Najar told George Moss that it was "none of his business" and not to interfere.

8.     Taillon was eventually put on a "Performance Improvement Plan" for resisting the age-related harassment he received by Tompkins. The stated reason the Hilcorp gave was Taillon's sudden "inability to perform his job in a timely manner". This stated reason is false and pretextual.

9.     Several months later, in October of 2013 Taillon was terminated for four pretextual reasons. Taillon was to have attended a meeting on October 3, 2013 to present his side of the issues and to rebut each accusation with documentary evidence. The meeting was changed to October 2, and there was no meeting where he was given any opportunity to present the documented facts of his case. Instead he was met at the Port Sulphur boat dock where he was immediately handed a termination letter. He was then escorted off Hilcorp property by an armed security guard.

10. The adverse action taken against Taillon was made because of the representations of Tompkins, who intended to terminate Taillon on account of his age. Hilcorp never investigated the factual bases of any of the claims made against Taillon which resulted in his termination. Instead, it rubberstamped the tainted reports of Tompkins and thereby became responsible for Tompkins's illegal acts under the "cat's paw" doctrine.

11. Taillon charged Hilcorp with age discrimination before the U.S. Equal Employment Opportunity Commission. He was issued a Right to Sue letter on March 24, 2014 and therefore makes his complaint timely.

## V. CLAIM

12. When Hilcorp discharged plaintiff from employment on account of age it violated Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and 28, U.S.C. § 1337.

## VI. DAMAGES

13. As a proximate cause of Hilcorp's illegal termination of Taillon, Taillon has suffered harms and losses in the following, non-exclusive respects and Taillon requests the following relief:

   a) Back pay, benefits, and incentive payments such as performance bonuses, buy-ins etc.;

   b) Front pay, owing to Taillon's inability to subsequently obtain employment which paid as much as he had received from Hilcorp;

   c) Liquidated damages;

   d) Punitive damages, equitable relief and general damages to the extent allowed by law;

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

a) Enter a judgment that Hilcorp's discharge of plaintiff violated Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*;

b) Issue a mandatory injunction pursuant to 29 U.S.C. § 2617(1)(B) directing the defendant to rehire plaintiff retroactive to the date of his discharge;

c) Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B), directing the defendant to reinstate all of the plaintiff's employment benefits, including, but not limited to, her health insurance, retroactive to Tompkins;

d) Enter a judgment pursuant to 29 U.S.C. § 2617(a)(3) against the defendants and in favor of plaintiff for allowable liquidated damages and reasonable attorneys' fees and costs incurred by plaintiff in connection with the instant action along with judicial interest calculated from date of judicial demand, at the rate established by the state of Louisiana; and

e) Award plaintiff such further and additional relief as the Court may deem just and proper.

## VII. DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

LAW OFFICE OF DALE EDWARD WILLIAMS

*/s/ Dale E. Williams*
Dale E. Williams, Bar #18709
Chad A. Danenhower, Bar #32845
212 Park Place
Covington, Louisiana 70433
Telephone: (985)898-6368
Facsimile: (985)892-2640
dale@daleslaw.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTY TAILLON | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | JUDGE |
| | * | |
| HILCORP ENERGY CORPORATION | * | DIVISION |
| | * | MAGISTRATE JUDGE |

* * * * * * * * * * * * * * * * * * * * * * * *

## **VERIFICATION**

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this ___ day of May, 2014.

_____
MARTY TAILLON